

# Fourth Court of Appeals
## San Antonio, Texas

### OPINION

No. 04-13-00273-CV

**IBS ASSET LIQUIDATIONS LLC** f/k/a Icon Building Systems, LLC,
Appellant

v.

**SERVICIOS MULTIPLES DEL NORTE SA DE CV**,
Appellee

From the 150th Judicial District Court, Bexar County, Texas
Trial Court No. 2012-CI-06095
Honorable Richard Price, Judge Presiding

Opinion by:    Sandee Bryan Marion, Justice
Dissenting opinion by: Patricia O. Alvarez, Justice

Sitting:    Sandee Bryan Marion, Justice
            Marialyn Barnard, Justice
            Patricia O. Alvarez, Justice

Delivered and Filed:  November 20, 2013

REVERSED AND REMANDED

In this interlocutory appeal, IBS Asset Liquidations LLC, formerly known as Icon Building Systems, LLC, ("Icon"), appeals the trial court's denial of its motion to compel arbitration asserting Servicios Multiples Del Norte SA de CV ("Servicios") failed to offer any evidence in support of its defense of waiver.  We reverse and remand.

## BACKGROUND

Servicios and Icon entered into a contract under which Icon agreed to design and manufacture airplane hangars for installation in Mexico. The contract contained an arbitration clause which provided:

> [A]t [Icon's] sole and exclusive option, all claims, disputes or controversies arising out of, or in relation to the interpretation, application, or enforcement of this Contract shall be decided by arbitration utilizing a single arbitrator . . . The parties acknowledge and agree that this Agreement includes activities in Interstate Commerce and that the Federal Arbitration Act . . . shall control and apply to any arbitration conducted hereunder.

On November 1, 2010, Servicios filed suit in McLennan County against Icon asserting breach of contract, DTPA claims, conversion, negligence, gross negligence, and fraud claims. Icon filed an answer, participated in discovery, and, in April of 2012, the parties filed a joint motion to transfer to Bexar County. The case was set for a jury trial in Bexar County on August 19, 2013. On March 22, 2013, nearly two and one-half years after the suit was initiated and approximately five months before trial was set to commence, Icon filed a motion to compel arbitration pursuant to the contract between the parties. Servicios filed a response, asserting waiver of arbitration. On April 9, 2013, the trial court denied Icon's motion to compel arbitration and this interlocutory appeal followed.

## WAIVER OF ARBITRATION

"There is a strong presumption against waiver of arbitration, but it is not irrebuttable . . . ." *Perry Homes v. Cull*, 258 S.W.3d 580, 584 (Tex. 2008). Waiver of arbitration is a question of law. *In re Medallion, Ltd.*, 70 S.W.3d 284, 288 (Tex. App.—San Antonio 2002, orig. proceeding). We review whether a party has waived its right to arbitration *de novo*, giving no deference to the trial court's ruling. *Perry Homes v. Cull*, 258 S.W.3d 580, 598 (Tex. 2008). A party waives arbitration by substantially invoking the judicial process to the other party's detriment. *Perry Homes*, 258

S.W.3d at 589-90; *J.B. Hunt Transport, Inc. v. Hartman*, 307 S.W.3d 804, 810 (Tex. App.—San Antonio 2010, orig. proceeding). "Due to the strong presumption against waiver of arbitration, this hurdle is a high one." *Perry Homes*, 258 S.W.3d at 590. The test for determining waiver requires us to ask (1) whether the party seeking arbitration substantially invoked the judicial process; and (2) whether the opposing party proved it suffered prejudice as a result. *Medallion*, 79 S.W.3d at 288. This test requires us to look at the totality of the circumstances. *Perry Homes*, 258 S.W.3d at 591.

We agree with the dissent's analysis and conclusion that Icon's participation amounted to Icon "substantially invoking the judicial process." However, we must conclude Servicios did not carry its burden to prove the second requirement, i.e., that it would suffer prejudice if compelled to arbitration. In its response to Icon's motion to compel arbitration, Servicios asserted:

> By substantially invoking the judicial process, [Icon] has prejudiced [Servicios]. [Servicios] invested a significant amount of time and expense into litigating this case over the past 2 ½ years. [Servicios] has incurred significant attorney's fees and costs associated with litigation preparation.

However, showing prejudice is generally an evidentiary burden. *Williams Indus., Inc. v. Earth Dev. Sys. Corp.*, 110 S.W.3d 131, 135 (Tex. App.—Houston [1st Dist.] 2003, no pet.). Here, no evidentiary hearing was held on the motion to compel and Servicios did not attach any evidence to its response to support its general allegations. Generalized complaints about delay and expense, without evidentiary support, are insufficient to establish prejudice. *Pennzoil Co. v. Arnold Oil Co., Inc.*, 30 S.W.3d 494, 499 (Tex. App.—San Antonio 2000, orig. proceeding); *see also Williams Indus.*, 110 S.W.3d at 135 (Tex. App.—Houston [1st Dist.] 2003, no pet.) ("to show prejudice . . . EDS would have had to show how the delay, its fees and costs, the volume of discovery, or the information that Williams obtained in discovery had prejudiced EDS. EDS did not do so."); *Lyda Swinerton Builders, Inc. v. Pools by Blue Haven, Inc.*, No. 04-10-00631-CV, 2011 WL 721469,

*6 (Tex. App.—San Antonio March 2, 2011, no pet.) (concluding no waiver of right to arbitrate and stating, "[a]bsent from the record . . . is any evidence detailing the time and resources allegedly expended by Blue Haven in connection with this matter").

In *Perry Homes*, the Supreme Court considered several factors, including when the movant knew about the arbitration clause, how much discovery has been conducted, who initiated the discovery, whether the discovery related to the merits rather than arbitrability, how much of the discovery would be useful in arbitration, and whether the movant sought judgment on the merits. 258 S.W.2d at 592. Here, the arbitration clause is contained in the parties' contract; therefore; Icon either knew or should have known about the clause before it was sued on November 1, 2010. Icon did not move for arbitration until March 22, 2013. But, "[w]e do not consider the length of any delay separate from the totality of the circumstances." *In re ADM Investor Serv., Inc.*, 304 S.W.3d 371, 374 (Tex. 2010) (citing to *Perry Homes*, 258 S.W.3d at 595-97).

As the dissent notes, the arbitration clause provides that "[e]xcept for the exchange of relevant, material and non-privileged documents between the Parties and a reasonable number of depositions, there shall be no interrogatories or other discovery in any arbitration hereunder." We disagree with the dissent's conclusion that Icon obtained the benefits of discovery. Our review is limited to the record before the trial court. *Perry Homes*, 258 S.W.3d at 596, n.89. Because there was no evidentiary hearing, because Servicios did not attach evidence to its response to the motion to compel arbitration, and because Servicios did not ask the trial court to take judicial notice of its files, the only record before the court was Servicios's response. Its response listed a number of pleadings allegedly filed by both parties. However, a close examination of this list reveals all of Icon's "discovery" consisted only of its designation of fact and expert witnesses and Icon's responses to discovery requested by Servicios. "[A] party who requests lots of discovery is not prejudiced by getting it and taking it to arbitration in the same way that a party who produces lots

of discovery outside the stricter discovery limits in arbitration." *Id.* at 600. The record before the trial court does not show whether any of the requested discovery went to the merits rather than to arbitrability, how much of the discovery would be useful in arbitration, or, as allowed by the arbitration clause, whether any of the discovery involved "relevant, material and non-privileged documents." Finally, Icon did not seek judgment on the merits, and all requests for trial settings were filed by Servicios.

## CONCLUSION

After examining the totality of the circumstances on this sparse record, we conclude Servicios did not satisfy the "high hurdle" of demonstrating "the *fact* of prejudice." *Perry Homes*, 258 S.W.3d at 584, 599. Therefore, the trial court erred in denying Icon's motion to compel arbitration. We reverse the trial court's order and remand the case to the trial court for further proceedings.

Sandee Bryan Marion, Justice