ACCEPTED
04-16-00282-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
5/31/2016 7:06:35 PM
KEITH HOTTLE
CLERK

04-16-00282-CV

_____

IN THE COURT OF APPEALS
FOURTH JUDICIAL DISTRICT
SAN ANTONIO, TEXAS

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS

5/31/2016 7:06:35 PM

KEITH E. HOTTLE
Clerk

_____

**Petrohawk Energy Corporation,**

**Defendant-Appellant,**

**v.**

**Overwatch Enterprises, LLC,**

**Plaintiff–Appellee.**

_____

ON INTERLOCUTORY APPEAL FROM THE 36th JUDICIAL DISTRICT
COURT, MCMULLEN COUNTY, TEXAS, CAUSE NO: M-14-0051-CV-A

_____

**APPELLANT'S EMERGENCY MOTION FOR STAY PENDING
APPELLATE REVIEW OF ORDER DENYING
MOTION TO COMPEL ARBITRATION**

_____

This is an accelerated interlocutory appeal of an order denying a motion to compel arbitration.[1] Appellant Petrohawk Energy Corporation ("Petrohawk") filed the motion to compel arbitration on March 4, 2016.[2] On April 27, 2016, the motion to compel

---

[1] Petrohawk submits in support of this Motion a sworn Appendix containing documents relevant to the Court's determination of the issue presented here. A copy of the trial court's order denying the motion to compel arbitration is provided in the Appendix at **Tab A**. The timely-filed notice of appeal, dated May 3, 2016, is attached at **Tab B**.

[2] The motion, without its exhibits, is attached at Appendix **Tab C**. The Clerk's Record and Reporter's Record became available to Petrohawk on May 26, 2016, though as delivered they are incomplete in some respects. The Clerk's Record in its present form is cited herein as CR ___ and the Reporter's record as RR ___. The motion to compel arbitration, entitled Defendants' Motion to Compel Arbitration and Stay Proceedings, appears with its exhibits at CR 111.

arbitration was heard before the Honorable Joel B. Johnson, visiting judge. At the hearing, counsel for Appellee Overwatch Enterprises, LLC ("Overwatch") explicitly argued that Judge Johnson should deny Petrohawk's motion because Petrohawk would be allowed to appeal:

> If they want to check your decision, they have a right to go and check that decision on appeal . . . If they want to check your decision, they can. We can't. We get sent off to arbitration, somebody in Houston, one man, will get to make a decision on this.[3]

Judge Johnson denied the motion to compel arbitration, on grounds of waiver, at the conclusion of the hearing.[4] Trial is set for July 18, 2016, just seven weeks away.[5] After attempting to confer with Overwatch's counsel—who had stated to the court at the hearing that he was "not necessarily opposed to a continuation of the jury trial,"[6] but ultimately did not agree to any continuation—Petrohawk on May 6, 2016, filed a motion asking the trial court to stay proceedings and continue the trial while Petrohawk pursued this appeal with respect to arbitration.[7] That motion to stay and continue was denied by Judge Patrick Flanigan in an order signed May 25, 2016, which stated that "if Interlocutory Appeal is permitted in the case, the Court of Appeals may consider Defendant's Motion for Stay."[8]

---

[3] Transcript, Appendix **Tab D** at 33:13–14, 34:3–5.

[4] *See id.* at 34:14–19.

[5] CR 107.

[6] *See* Transcript, Appendix **Tab D** at 36:12–14. Counsel may have been referring to a continuance for a fixed time, as opposed to a continuance for the duration of the appeal.

[7] *See* Appendix **Tab E.**

[8] *See* Appendix **Tab F**. Petrohawk does not appeal this order of May 25, 2016.

2

Texas Rule of Appellate Procedure 29.3 allows this Court to "make any temporary orders necessary to preserve the parties' rights" while an interlocutory appeal is under consideration. Petrohawk's contractual right to arbitration will be irreparably damaged if this case proceeds to trial in a court rather than adjudication by the American Arbitration Association as called for in the contract at the center of Overwatch's claims.[9] Petrohawk accordingly files this Motion requesting a stay of all trial court proceedings pursuant to Rule 29.3.[10]

## I. Background

Plaintiff Overwatch filed this case in McMullen County, Texas on October 20, 2014. Overwatch's live pleading is the "Second Amended Original Petition" (herein "SAP") filed August 24, 2015.[11] The SAP revolves around a 2012 Master Service Contract ("2012 MSC")[12] that Appellee Overwatch defines as "the Contract" at the outset of the SAP:

> OTG Services, LLC (hereafter "OTG") had an ongoing contractual relationship with Defendant, **PETROHAWK ENERGY CORPORATION**, for the provision of security and gate guard services at various oil and gas well locations in South Texas. On or about February 9, 2012, Defendant and OTG Services, LLC entered into a "Master Service Contract" (sometimes referenced herein as "the Contract."), which was assigned to Plaintiff [Overwatch].

---

[9] *See* Part I, *infra*.

[10] To be clear, Petrohawk has not appealed the denial of its May 6, 2016 motion for stay and continuance pending appeal in the trial court. That motion was directed to the trial court's continuing ability to make orders related to the case. *See* Tex. R. App. P. 29.5. This Motion, before this Court, is directed to this Court's discretion.

[11] *See* Appendix **Tab G;** CR 69.

[12] *See* Appendix **Tab H** (as filed with business records affidavit).

SAP (**Tab G**) ¶ 4. Overwatch seeks to recover amounts that it claims to be owed in connection with the security and gate guard services it provided under the 2012 MSC. Overwatch alleges that Petrohawk breached the 2012 MSC and "fail[ed] to perform" it, and specifically that Petrohawk failed to pay for services under it, delayed payments, and otherwise failed in its contractual duties. *See Id.* ¶ 17. Overwatch also alleges misrepresentations (concerning outstanding invoices under the 2012 MSC) and breach of an alleged oral agreement (which Plaintiff asserts established a "custom, practice, and course of dealing" under the 2012 MSC). *See id.* at ¶¶ 5–6, 10. These allegations concern and arise out of Overwatch's provision of security and gate guard services as set forth in the 2012 MSC. Prior to the SAP, filed August 24, 2015, Overwatch's Petitions did not rely specifically on the 2012 MSC, but instead asserted a vague "ongoing contractual relationship."[13]

Throughout 2015, the parties conducted some preliminary discovery, taking five depositions and serving a small number of discovery requests in both directions.[14] As of August 25, 2015—the day after the SAP was filed—Overwatch stated in a discovery response that "[f]ormal discovery has just begun."[15]

Shortly thereafter, the case entered into a period of inactivity—no discovery, no motions, no contested hearings—that continued for six months until Petrohawk moved to compel arbitration on March 4, 2016. During this time, the parties jointly represented to the Court that they needed additional time to mediate, and that further time and discovery

---

[13] *See* Plaintiff's First Amended Original Petition CR 37, at ¶ 4.

[14] *See also* hearing transcript, Appendix **Tab D**, at 14:17–20 (discussing Petrohawk's requests).

[15] *See* Plaintiff's Responses to Request for Disclosure, Appendix **Tab I**, at 9.

were necessary before the case could be adjudicated. On September 1, 2015 (eight days after the SAP was filed), Plaintiff and Defendant filed a Joint Motion for Continuance.[16] In that motion, the parties jointly represented that scheduling conflicts had prevented mediation and "full discovery," and stated in particular that "approximately five (5) additional depositions may be required." *Id.* In response to this Motion, the Court issued an order resetting trial for February 29, 2016.[17] Subsequently, in response to further joint request of the parties, the Court reset trial for July 18, 2016.[18]

It is undisputed that the parties never did conduct the discovery or mediation contemplated by the September 1, 2015 Joint Motion for Continuance. Mediation was postponed several times, at the instance of counsel for both parties.[19] The depositions and "full discovery" contemplated by the September 1 motion did not ever take place.

On March 4, 2016, Petrohawk filed its Motion to Compel Arbitration and Stay Proceedings,[20] seeking to compel arbitration of the entire dispute under the 2012 MSC, and to stay the case under the nondiscretionary stay provision of Tex. Civ. Prac. & Rem Code § 171.025(a) ("The court shall stay a proceeding that involves an issue subject to arbitration if an order for arbitration or an application for that order is made under this subchapter.") The motion could not be set for hearing until April 27, 2016.

---

[16] *See* Appendix **Tab J**.

[17] CR 93.

[18] CR 107.

[19] *See* Transcript, Appendix Tab C at 27:1–3 (mediation postponed due to scheduling conflict on the part of Overwatch's counsel). Mediation was also postponed at the instance of Petrohawk's counsel. Subsequent to denial of the motion to compel arbitration, the parties again scheduled mediation for June 17, 2016.

[20] Appendix **Tab C** (without exhibits); CR 111ff. (with exhibits); *see also* CR 157ff..

On April 25, 2016, Overwatch filed a Response that asserted waiver of right to arbitrate as the sole argument in opposition to arbitration.[21] Petrohawk filed a reply the next day, April 26, 2016, contesting the waiver argument and providing extensive citations to Texas Supreme Court and Court of Appeals case law compelling arbitration in cases with more and lengthier litigation activity than the present case.[22] The hearing took place April 27, 2016.

At the hearing, Counsel for Petrohawk emphasized that waiver was the only argument made in Overwatch's Response,[23] and that Overwatch bore the burden to establish waiver.[24] Counsel for Petrohawk argued that Petrohawk had not substantially invoked the litigation process *inter alia* because (1) only limited discovery had been conducted, most of it benefitted Overwatch, and document production had been overwhelmingly by Petrohawk, not Overwatch,[25] (2) both parties had been content to leave the case essentially inactive for six months before Petrohawk moved to compel arbitration,[26] and (3) the law heavily favors arbitration, and the Texas Supreme Court and Courts of Appeal had compelled arbitration in circumstances with more substantial

---

[21] Appendix **Tab K** (without exhibits), at 5–17; *see also* CR 179ff. (same with exhibits).

[22] Appendix **Tab L**.

[23] Transcript, Appendix **Tab D** at 5:7–6:3. Counsel for Overwatch interrupted opposing counsel's presentation to assert that this was not the case, and in fact he intended to make additional arguments. Counsel for Petrohawk twice requested the opportunity to respond to any such arguments, *id.* at 6:11–15, 18:13–24, but at the conclusion of the argument by counsel for Overwatch, the trial court ruled immediately without allowing any rejoinder. *Id.* at 34:14–19.

[24] *See id.* at 13:23–35.

[25] *See id.* at 14:5–20.

[26] *See id.* at 7:1–22.

6

litigation activity for longer periods of time.[27] Counsel argued that Overwatch had not been prejudiced *inter alia* because (1) the discovery conducted would be "useful in arbitration," *In re Vesta Group, Inc.,* 192 S.W.3d 759, 763 (Tex. 2006),[28] (2) Most of the discovery was taken by Overwatch itself, which like most plaintiffs presumably would have jumped at the chance to take discovery in court prior to arbitration if given the choice,[29] and (3) Overwatch's willingness to request and tolerate delay and inactivity in the case showed lack of prejudice.[30]

Counsel for Overwatch responded with, *inter alia,* arguments not present in Overwatch's Response, such as asserting haphazardly that certain claims related to a different contract, which Overwatch did not attach to its Response or provide to the Court.[31] Counsel for Overwatch also emphasized *inter alia* that Petrohawk had filed counterclaims and designated experts,[32] and that Overwatch had incurred discovery costs

---

[27] *See id.* at 10:5–11, 12:23–13:22; 14:21–15:12.

[28] *See id.* at 15:15–16:22

[29] *See id.* at 16:23–17:13.

[30] *See id.* at 17:18–18:1.

[31] *See id.* at 23:2–22. Counsel for Overwatch inaccurately claimed that Overwatch somehow had put this contract into evidence via an affidavit that merely makes passing reference to it. Although Overwatch utterly failed to properly present arguments based on this contract, Petrohawk in its brief on the merits will address why any arguments based on it do not defeat the clear right to arbitration under "the Contract" as defined by Overwatch's Petition, *i.e*., the 2012 MSC. *See also id.* at 18:15–24; *Richmont Holdings, Inc. v. Superior Recharge Sys., L.L.C.,* 392 S.W.3d 633, 635 (Tex. 2013) (holding trial court ruling rejecting arbitration based on waiver could not be affirmed based on arguments not raised below questioning applicability of arbitration clause).

[32] *See id.* at 27:22–4; at 32:21–22. Petrohawk's counsel directed the Court to *G.T. Leach Builders, LLC v. Sapphire V.P., LP,* 458 S.W.3d 502, 513–14 (2015), which found no waiver in circumstances involving a counterclaim, designation of experts and responsible third parties, and more.

during the litigation.[33] He argued that any "delay alone" was prejudicial to Overwatch because it "hurt [Overwatch] cash flow wise."[34]

At the conclusion of the arguments, the trial court concluded that Petrohawk had waived arbitration by substantially invoking the litigation process and causing prejudice to Overwatch, and denied the motion.[35]

In response to the trial court's ruling, counsel for Petrohawk requested that the court stay proceedings, and trial in particular, pending appeal of the order denying the motion to compel arbitration.[36] Counsel for Overwatch stated that he opposed a stay, but was "not necessarily opposed to a continuation of the jury trial, if they are going to do that."[37] Judge Johnson stated that he did not consider it appropriate, as a visiting judge, to rule on the issue, and that the request for stay pending appeal should be addressed to "the elected judge of this court."[38]

Petrohawk then filed its notice of appeal and attempted diligently for more than a week to confer with Overwatch regarding a potential agreed continuance and/or stay. Counsel for Overwatch stated repeatedly that he still needed to engage appellate counsel and confer with his client. Overwatch never agreed to any stay or continuance.

---

[33] Transcript, Appendix **Tab D** at 32:1–10.

[34] *See id.* at 31:7–19.

[35] *Id.* at 34:14–35:3.

[36] *Id.* at 36:17–19, 35:18–19.

[37] *Id.* at 36:12–15.

[38] *Id.*

Petrohawk therefore filed in the trial court its Motion to Stay Proceedings and Continue Trial Pending Interlocutory Appeal, on May 6, 2016.[39]  Petrohawk explained clearly that this was *not* a motion for reconsideration of the motion to compel arbitration or for non-discretionary stay in deference to arbitration; instead, it was a motion asking the trial court to continue trial and stay proceedings (other than mediation and any discovery that the parties agreed would facilitate mediation) while the appeal was pending.[40]  This motion was set for oral hearing on May 25, 2016.  Overwatch responded by characterizing the motion as a motion for reconsideration and stating that it was inconvenient for counsel to come to McMullen County for the hearing.[41]

The day before the hearing, May 24, 2016, counsel for Overwatch sent an e-mail stating that (1) his staff had contacted the trial court, (2) the hearing was cancelled, (3) Petrohawk's motion would be denied, and (4) he had been asked to inform Petrohawk of these circumstances.[42]  On May 25, 2016 the trial court, Hon. Patrick Flanigan, signed an order stating that the motion was denied, but "if Interlocutory Appeal is permitted in the case, the Court of Appeals may consider Defendant's Motion for Stay."[43]  Petrohawk's interlocutory appeal is explicitly authorized by statute.[44]

---

[39] *See* Appendix **Tab E**.

[40] *See id.* at 2 ("This is not a motion for reconsideration of the Motion to Compel Arbitration"); 3–4 ("Tex. Civ. Prac. & Rem. Code § 171.025(a) provides for a non-discretionary stay in response to an application for arbitration . . . Petrohawk requested such a stay as part of its Motion to Compel Arbitration, which was denied on April 27, 2016. The present motion does not seek reconsideration of that denial.").

[41] *See* Appendix **Tab M**.

[42] *See* Appendix **Tab N**.

[43] *See* Appendix **Tab F**.  Petrohawk does not appeal this order of May 25, 2016.

[44] Tex. Civ. Prac. & Rem. Code §§ 171.098, 51.016.

9

## II. Legal Standards

Tex. R. App. P. 29.3 provides that "[w]hen an appeal from an interlocutory order is perfected, the appellate court may make any temporary orders necessary to preserve the parties' rights until disposition of the appeal and may require appropriate security."

With respect to the underlying interlocutory appeal, this Court "review[s] whether a party has waived its right to arbitration *de novo,* giving no deference to the trial court's ruling." *IBS Asset Liquidations LLC v. Servicios Multiples Del Norte SA de CV*, 419 S.W.3d 573, 575 (Tex. App.—San Antonio 2013, pet. denied) (citing *Perry Homes v. Cull,* 258 S.W.3d 580, 598 (Tex.2008)). Under Texas law, when two requirements are met—when (1) a valid arbitration agreement exists; and (2) the parties' dispute falls within the scope of the agreement—"the [trial] court has no discretion but to compel arbitration and stay its own proceedings." *Forest Oil Corp. v. McAllen*, 268 S.W.3d 51, 56 (Tex. 2008) (citation and internal quotation marks omitted). "The policy in favor of enforcing arbitration agreements is so compelling that a court should not deny arbitration unless it can be said with positive assurance that an arbitration clause is not susceptible of an interpretation which would cover the dispute at issue." *Prudential Sec. Inc. v. Marshall*, 909 S.W.2d 896, 899 (Tex. 1995). There is a strong presumption against waiver of arbitration, and any doubts regarding waiver are resolved in favor of arbitration. *Perry Homes v. Cull*, 258 S.W.3d 580 (Tex. 2008).

## III. Argument

It is necessary for this Court to stay trial court proceedings pending appeal, or else this case will proceed to trial before the appeal is likely to be decided. That would be a

10

waste of resources and a violation of the very rights at issue in the appeal. This Court and other Texas appellate courts routinely reverse denials of motions to compel arbitration, and while it is not possible fully to argue the merits of the appeal in this Motion, the frequency of such reversals and the circumstances of this case strongly counsel in favor of a stay.

This case is set for trial on July 18, 2016, but as described above, both Overwatch's counsel (who encouraged the trial court to deny Petrohawk's motion on the grounds that Petrohawk would have an appeal as of right)[45] and the trial court (which denied Petrohawk's motion for stay pending appeal with the statement that such a stay could be considered by this Court)[46] have expected due appellate consideration of the denial of Petrohawk's motion to compel arbitration.

Petrohawk's contractual right to arbitration cannot fully be preserved if the case proceeds to trial, because Petrohawk (and Overwatch) will prepare for and adjudicate the matter in a forum different from the one that was contractually agreed.[47] In that circumstance, the time and resources of the trial court, jurors, and the parties would be wasted for a proceeding that could be (and should be) rendered moot by a ruling of this Court compelling arbitration after all.

---

[45] Transcript, Appendix **Tab D** at 33:13–14, 34:3–5.

[46] *See* Appendix **Tab F**.

[47] Subsequent to the denial of Petrohawk's motion to compel arbitration, and in the absence of a stay, Petrohawk already has been forced to prepare for potential adjudication in the trial court contrary to Petrohawk's right to arbitration. Petrohawk must protect its rights in court proceedings if that is what it is forced to do. Advocacy and participation in litigation subsequent to denial of a motion to compel arbitration does not constitute waiver, *see*, *e.g.*, *Tenneco Resins, Inc. v. Davy Int'l*, 770 F.2d 416, 420 & n.5 (5th Cir. 1985), but as trial becomes imminent it imposes increasing burdens on a party that has the right to arbitrate instead.

11

In order to preserve the status quo and avoid irreparable damage to the rights sought to be protected by this appeal, it is necessary for this Court to stay the trial court proceedings while the Court considers the appeal. Texas appellate courts frequently stay trial court proceedings while considering appeals of orders denying motions to compel arbitration. *See, e.g.*, *City of San Antonio v. Int'l Ass'n of Firefighters*, 441 S.W.3d 305 (Tex. App.—San Antonio 2013, no pet.) ("I agree with the majority's order to stay any trial on the merits in this lawsuit, pending this court's decision on the arbitrability of this case"). This case presents an urgent need to do so.

Overwatch may claim that the proximity to trial is an indicator of some sort of tardiness in seeking arbitration. To the contrary, Petrohawk moved to compel arbitration on March 4, 2016, 4.5 months prior to trial, and has steadfastly and diligently pursued arbitration and stay of trial court proceedings by various means since that time. This contrasts with the lack of progress that Overwatch and Petrohawk equally tolerated and contributed to since the September 1, 2015 Joint Motion for Continuance.

This Motion does not attempt to argue the merits of the appeal or summarize all of the arguments that Petrohawk and Overwatch have made, and indeed, considering the "totality of the circumstances" nature of the waiver issue, it would be impossible to do so. Petrohawk's brief on the merits is due June 14, 2016, but Petrohawk intends to file its brief early, **no later than Tuesday, June 7, 2016**.

In considering this Motion, the Court should consider policies and presumptions in favor of arbitration and against waiver, and the frequency with which this Court, other courts of appeal, and the Texas Supreme Court have reversed lower court decisions and

12

compelled arbitration in recent years.  Opinions of this Court, for example, have summarized lengthy lists of litigation conduct including extensive discovery, motion practice, and months *or years* spent in court, before concluding that arbitration was not waived.  *See, e.g.*, *In re Wells Fargo Bank* 300 S.W.3d 818, 822-23, 830–31 (Tex. App.—San Antonio 2009, orig. proceeding); *J.B. Hunt Transp., Inc. v. Hartman*, 307 S.W.3d 804, 811–12 (Tex. App.—San Antonio 2010, no pet.); *IBS Asset Liquidations LLC v. Servicios Multiples Del Norte SA de CV*, 419 S.W.3d 573, 576 (Tex. App.—San Antonio 2013, pet. denied); *Global Fin. Servs., L.L.C. v. Estate of McLean*, 2008 WL 372521, at *2 (Tex. App.—San Antonio Feb. 13, 2008, no pet.) (unpublished).

The Texas Supreme Court and other Texas courts of appeals have repeatedly rejected arbitration waiver arguments in cases with significant and lengthy litigation conduct, including pursuit of claims in court by the party seeking arbitration.  The Supreme Court has rejected the proposition that asserting one's own claims in court waives arbitration.  *See*, *e.g.*, *Richmont Holdings, Inc. v. Superior Recharge Sys., L.L.C.*, 455 S.W.3d 573, 576 (Tex. 2014) ("Merely filing suit does not waive arbitration, even when the movant, as in this case, files a second, separate suit in another county based in part on a contract at issue in the first action."); *G.T. Leach Builders, LLC v. Sapphire V.P., LP,* 458 S.W.3d 502, 513–14 (Tex. 2015) (finding no waiver, though party seeking arbitration had filed compulsory counterclaim, designated experts, and engaged in various other significant litigation conduct).

Moreover, the Supreme Court and the courts of appeal have compelled arbitration in cases with lengthy and expensive prior court proceedings far exceeding those in the

present case. *See*, *e.g.*, *In re Vesta Group, Inc.,* 192 S.W.3d 759, 763 (Tex. 2006) (compelling arbitration after "litigat[ion] for two years in the trial court."); *Richmont Holdings*, 455 S.W.3d at 575–76 (compelling arbitration when Movant filed 19 months after being sued); *In re Serv. Corp. Int'l.*, 85 S.W.3d 171, 174 (Tex. 2002) (compelling arbitration after 15 months of state court litigation); *Cooper Indus., LLC v. Pepsi-Cola Metro. Bottling Co., Inc.*, 475 S.W.3d 436, 451 (Tex. App.—Houston [14th Dist.] 2015, no pet.) (compelling arbitration after 28 months of litigation).

The circumstances described in the background section of this Motion make clear that this case falls squarely within the realm of cases that this Court and others have compelled to arbitration, and that the appeal deserves serious consideration and a stay pursuant to Rule 29.3 to preserve Petrohawk's rights while this Court considers whether this case likewise should be compelled to arbitration.

## Conclusion

For the reasons herein given, Petrohawk moves for a stay of trial and all trial court proceedings (other than mediation) in the 36th Judicial District Court related to this matter, until the present appeal is resolved.

Submitted May 31, 2016

Respectfully submitted,

DAVIS, CEDILLO & MENDOZA, INC.

By:     */s/ Isaac J. Huron*
        Ricardo G. Cedillo
        SBN: 04043600
        Isaac J. Huron
        SBN: 24032447

14

McCombs Plaza, Suite 500
755 E. Mulberry Avenue
San Antonio, TX 78212
Phone: (210) 822-6666
Fax: (210) 822-1151
rcedillo@lawdcm.com
ihuron@lawdcm.com


REYNOLDS FRIZZELL LLP

Christopher M. Hogan
SBN: 24065434
Nathan M. Smith
SBN: 24053060
1100 Louisiana Street, Suite 3500
Houston, Texas 77002
Phone:        (713) 485-7200
Fax:    (713) 485-7250
chogan@reynoldsfrizzell.com


ATTORNEYS FOR DEFENDANT-
APPELLANT
PETROHAWK ENERGY CORPORATION

15

## CERTIFICATE OF CONFERENCE

As required by Texas Rule of Appellate Procedure 10.1(a)(5), counsel for Appellant has conferred with counsel for Appellee about the merits of this motion. Appellee is opposed to a stay of proceedings in the trial court and to a stay or continuance of the July 2016 trial setting.

> */s/ Isaac J. Huron*
> Isaac J. Huron

## CERTIFICATE OF SERVICE

As required by Texas Rules of Appellate Procedure 6.3 and 9.5, I certify that I have served this document on all other parties on May 31, 2016 via email as follows:

Gilbert T. Adams, III
GILBERT ADAMS LAW OFFICES
1855 Calder Avenue at Third Street
Beaumont, TX 77704-3688
gilbert@gta-law.com
Fax: (409) 832-6162

> */s/ Isaac J. Huron*
> Isaac J. Huron