

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-18-00549-CV

**VAPRO SUPPLY, LLC**,
Appellant

v.

Matthew **ZINK** and Verena Zink,
Appellees

From the 288th Judicial District Court, Bexar County, Texas
Trial Court No. 2017CI14657
Honorable Dick Alcala, Judge Presiding

Opinion by:    Rebeca C. Martinez, Justice

Sitting:    Sandee Bryan Marion, Chief Justice
Karen Angelini, Justice
Rebeca C. Martinez, Justice

Delivered and Filed: December 12, 2018

REVERSED AND RENDERED; CAUSE REMANDED

Vapro Supply, LLC appeals the trial court's order denying its motion to compel arbitration. Vapro contends the trial court erred in denying its motion because: (1) the factual allegations in the underlying lawsuit filed by appellees Matthew Zink and Verena Zink fall within the scope of arbitration provisions contained in two documents Matthew signed in connection with his employment; and (2) the arbitrator was required to determine the issue of arbitrability. We reverse the trial court's order and render judgment granting the motion to compel. The cause is remanded

to the trial court for further proceedings consistent with this opinion, including the grant of an appropriate stay.

## BACKGROUND

Vapro is a wholesale distributor of electronic cigarette products. Matthew was employed by Vapro from June 29, 2015 to October 8, 2015. In connection with his employment, Matthew signed an Offer Letter and an Employee Innovations & Proprietary Rights Agreement (the "Agreement"). Both the Offer Letter and the Agreement contained arbitration provisions.

The arbitration provision in the Offer Letter provided:

> In the event of any dispute or claim relating to or arising out of your employment relationship with us, this Offer Letter, or the termination of your employment relationship with us (including, but not limited to, any claims of wrongful termination or age, sex, disability, race, or other discrimination), you and VAPRO Supply (i) each agree that all such disputes shall be fully and finally resolved by binding arbitration conducted by the American Arbitration Association in Travis County, Texas, and (ii) each waives its rights to have such disputes tried by a court or jury. However, you and we agree that this arbitration provision shall not apply to any disputes or claims relating to or arising out of the misuse or misappropriation of the Company's trade secrets, proprietary information, other proprietary rights, or property.

The arbitration provision in the Agreement provided, in pertinent part:

> I agree that any dispute, claim or controversy concerning my employment or the termination of my employment or any dispute, claim or controversy arising out of or relating to any interpretation, construction, performance, or breach of this Agreement, shall be settled by arbitration to be held in Austin, Texas in accordance with the rules then in effect of the American Arbitration Association.

On August 9, 2017, the Zinks sued Vapro and LG Chem, Ltd. alleging Matthew "was seriously burned when a battery manufactured by [LG Chem], spontaneous[ly] combusted while the battery was being carried in [Matthew's] front jean's pocket."[1] The petition further alleged

---

[1] These allegations are quoted from the Zinks' second amended petition which was on file on the date the trial court held the hearing on Vapro's motion to compel. Although the Zinks refer to subsequent amended petitions in their brief, "[o]ur review is limited to the record before the trial court." *IBS Asset Liquidations LLC v. Servicios Multiples*

Matthew obtained the battery from Vapro during his employment, but the occurrence in question occurred many months after Matthew's employment with Vapro ended. The petition alleged numerous causes of action based on these factual allegations.

On May 7, 2018, Vapro filed a motion to compel arbitration asserting the Zinks' claims were within the scope of the arbitration provisions contained in the Offer Letter and Agreement. Attached to Vapro's motion to compel was the affidavit of Brian Giuffrida, Vapro's executive manager. In the affidavit, Giuffrida states Vapro is a wholesale distributor of electronic cigarette and vaping supply products and sells its products "only to other distributors and/or retailers" who establish a commercial account "with proof of sales tax exemption or state business license." Giuffrida further states Vapro "does not sell products to individuals" except its employee handbook contained an employee discount program that "allowed employees to purchase a limited amount of products for personal use as a benefit" of employment.

The Zinks filed a response contending the claims were not within the scope of the arbitration provisions; however, the Zinks did not attach any affidavits or otherwise admissible evidence to their response. In addition, no evidence was offered or admitted during the trial court's hearing on the motion.[2] After the hearing, the trial court signed an order denying Vapro's motion to compel. Vapro appeals.

---

*Del Norte SA de CV*, 419 S.W.3d 573, 576 (Tex. App.—San Antonio 2013, pet. denied) (citing *Perry Homes v. Cull*, 258 S.W.3d 580, 596 n.89 (Tex. 2008)).

[2] A "trial court may summarily decide whether to compel arbitration on the basis of affidavits, pleadings, discovery, and stipulations. However, if the material facts necessary to determine the issue are controverted, by an opposing affidavit or otherwise admissible evidence, the trial court must conduct an evidentiary hearing to determine the disputed material facts." *Jack B. Anglin Co., Inc. v. Tipps*, 842 S.W.2d 266, 269 (Tex. 1992). In this case, the Zinks did not present an opposing affidavit or otherwise admissible evidence to controvert the affidavit and discovery attached to Vapro's motion.

## WHO DECIDES ARBITRABILITY?

In its third issue, Vapro contends the trial court erred in deciding the issue of arbitrability because the incorporation of the rules of the American Arbitration Association into the arbitration clause delegated the issue of arbitrability to the arbitrator.

In their brief, the Zinks first respond that Vapro waived this issue by not raising it in the trial court. In its reply brief, Vapro argues that it raised the issue in its motion to compel; however, Vapro does not provide a record citation in support of this assertion, and we could not locate where the issue was raised in the motion. *See* TEX. R. APP. P. 38.1(i) (providing arguments in briefs must be supported by appropriate citations to the record). In addition, at the hearing, Vapro's attorney informed the trial court "we've got just one issue based upon Plaintiff's response" and "the only issue as I interpret it before the Court is whether the employment agreement scope touches the controversy before the Court." Accordingly, we agree Vapro waived its second issue. *See* TEX. R. APP. P. 33.1(a); *Duarte v. Mayamax Rehab. Servs., L.L.P.*, 527 S.W.3d 249, 257-58 (Tex. App.—El Paso 2016, pet. denied) (refusing to consider argument raised in appeal of trial court's order denying motion to compel that was not raised in the trial court); *cf. In re Hawthorne Townhomes, L.P.*, 282 S.W.3d 131, 139-40 (Tex. App.—Dallas 2009, orig. proceeding) (refusing to consider argument raised in mandamus challenge to order denying motion to compel arbitration that was not raised in the trial court).

Even if the issue had been preserved, Vapro relies on other courts' holdings that when the parties agree to a broad arbitration clause and explicitly incorporate rules that empower an arbitrator to decide issues of arbitrability, the incorporation ***may*** serve as clear and unmistakable evidence of the parties' intent to delegate such issues to the arbitrator. *See, e.g., Saxa Inc. v. DFD Architecture Inc.*, 312 S.W.3d 224, 230 (Tex. App.—Dallas 2010, pet. denied); *Haddock v. Quinn*, 287 S.W.3d 158, 172-75 (Tex. App.—Fort Worth 2009, pet. denied); *Burlington Res. Oil & Gas*

*Co. LP v. San Juan Basin Royalty Trust*, 249 S.W.3d 34, 40-41 (Tex. App.—Houston [1st Dist.] 2007, pet. denied). In support of its argument, Vapro refers to rule 7(a) of the Commercial Rules of the American Arbitration Association. However, "because the [rules] were not offered into evidence, the trial court was required to determine the scope of the arbitration agreement." *Barantas Inc. v. Enter. Fin. Group Inc.*, No. 05-17-00896-CV, 2018 WL 3738089, at *6 n.2 (Tex. App.—Dallas Aug. 7, 2018, no pet.) (mem. op.) (citing *PER Grp. L.P. v. Dava Oncology, L.P.*, 294 S.W.3d 378, 386 (Tex. App.—Dallas 2009, no pet.)); *see also Coll. Station Med. Ctr., LLC v. Burgess*, No. 10-15-00191-CV, 2018 WL 2727882, at *12 n.2 (Tex. App.—Waco June 6, 2018, no pet.) (mem. op.) (noting party's failure to introduce rules into evidence or ask trial court to take judicial notice of them).

### SCOPE OF ARBITRATION

In its first two issues, Vapro contends the trial court erred in denying Vapro's motion to compel arbitration because the Zinks' allegations fall within the scope of the arbitration provisions in the Offer Letter and Agreement. Specifically, Vapro asserts the battery that caused Matthew's injuries was "obtained as a benefit or result of [his] employment and any representations about the [battery] and/or the alleged placement of the [battery] into the stream of commerce would have been made in the context of the employer-employee relationship." Vapro argues because it "is a wholesale distributor [and] does not provide batteries to individuals who are not employees," Matthew "would not have obtained the battery from Vapro" but for his employment.

The Zinks respond that their allegations do not "concern" Matthew's employment but Vapro's distribution of the battery that caused Matthew's injuries. The Zinks assert, "Simply obtaining the battery from Vapro does not mean that the case at issue concerns Matthew's employment with Vapro."

"A party seeking to compel arbitration must establish the existence of a valid arbitration agreement and that the claims at issue fall within the scope of that agreement." *Henry v. Cash Biz, LP*, 551 S.W.3d 111, 115 (Tex. 2018). In this case, the existence of a valid arbitration agreement is undisputed. The only issue relates to the scope of the agreement. We generally review a trial court's order denying a motion to compel arbitration for abuse of discretion; however, whether the claims in dispute fall within the scope of a valid arbitration agreement is a question of law that we review de novo. *Id*.

Because both Texas and federal policy favor arbitration, we "resolve any doubts about an arbitration agreement's scope in favor of arbitration," and we "focus on the factual allegations and not on the legal causes of action asserted." *Id*. (internal quotation omitted). "The presumption in favor of arbitration is so compelling that a court should not deny arbitration unless it can be said with positive assurance that an arbitration clause is not susceptible of an interpretation which would cover the dispute at issue." *Id*. (internal quotation omitted). "[T]he scope of an arbitration clause that includes all 'disputes,' and not just claims, is very broad and encompasses more than claims based solely on rights originating exclusively from the contract." *Id*. (internal quotation omitted). Therefore, an arbitration clause applicable to "disputes" encompasses disputes that are only "indirectly related" to the agreement containing the arbitration clause. *Id*. at 116. Furthermore, if the facts alleged in support of a claim have a "significant relationship to," are "intertwined with" or "occur[] as a direct result from" the contract that contains the arbitration agreement, then the claim is within the scope of the arbitration agreement. *In re Dillard Dept. Stores, Inc.*, 186 S.W.3d 514, 516 (Tex. 2006); *Amateur Athletic Union of the United States, Inc. v. Bray*, 499 S.W.3d 96, 105 (Tex. App.—San Antonio 2016, no pet.).

In this case, the arbitration provision in the Offer Letter is broader than many arbitration clauses because it is not limited to disputes arising from the Offer Letter but refers to disputes

arising from Matthew's "employment relationship" with Vapro. And, the Zinks' allegations are directly tied to the battery Matthew obtained from Vapro while employed by Vapro. In fact, because Vapro is a wholesale distributor, the evidence is undisputed that Matthew could not have obtained the battery from Vapro if he was not an employee of Vapro. Accordingly, because the facts alleged in support of the Zinks' claims have a significant relationship to Matthew's employment relationship with Vapro, we hold the trial court erred in denying Vapro's motion to compel arbitration.

## CONCLUSION

We reverse the trial court's order denying Vapro's motion to compel arbitration and render judgment granting the motion. We remand the cause to the trial court for further proceedings consistent with this opinion, including the grant of an appropriate stay.

Rebeca C. Martinez, Justice