**DISSENT and Opinion Filed August 28, 2019**



**In The**

# Court of Appeals
# Fifth District of Texas at Dallas

---

**No. 05-18-01371-CV**

---

**VECTRA INFOSYS, INC., Appellant**
**V.**
**SANDEEP KUMAR ADEMA, Appellee**

---

**On Appeal from the 95th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-17-15170**

---

## DISSENTING OPINION
Opinion by Chief Justice Robert D. Burns III

Manipulation of the judicial process to the detriment of an opponent should defeat the presumption against waiver of arbitral rights, particularly where the question of waiver is not "close." Vectra sought to enforce its right to arbitration on the eve of an adverse summary judgment ruling, three weeks before trial, and after it had taken full discovery and requested a summary judgment ruling on the merits. Because I believe these actions demonstrate both substantial invocation of the judicial process and prejudice, I respectfully dissent.

Although the ultimate question of waiver of arbitration rights is a question of law reviewed de novo absent any factual disputes, a trial court's factual determinations of disputed issues receive deference. *See Perry Homes v. Cull*, 258 S.W.3d 580, 598 (Tex. 2008). Similarly, absent an abuse of discretion, a trial court's order denying a motion to compel arbitration should not be reversed. *Henry v. Cash Biz, LP,* 551 S.W.3d 111, 115 (Tex. 2018); *Read v. Sibo*, No. 14-18-

00106-CV, 2019 WL 2536573, at *2 (Tex. App.—Houston [14th Dist.] June 20, 2019, no pet.) (mem. op.) ("We review the trial court's order denying Read's motion to compel arbitration under an abuse-of-discretion standard, deferring to the trial court on factual determinations that are supported by the evidence and reviewing legal determinations de novo.").

Waiver of arbitral rights includes two requirements: substantial invocation of the judicial process and prejudice to the non-movant. *Perry Homes,* 258 S.W.3d at 591. The totality of the circumstances informs the analysis: a standard which presumes different factors exist in each case while none is dispositive. *Id.* at 598 ("[A] totality-of-the-circumstances test presumes a multitude of potential factors and a balancing of evidence on either side; if appellate courts must affirm every time there is some factor that was not negated or some evidence on either side, then no ruling based on the totality-of-the-circumstances could ever be reversed."); *Adams v. StaxxRing, Inc.,* 344 S.W.3d 641, 648 (Tex. App.—Dallas 2011, pet. denied) (where the record does not "fit squarely within circumstances" clearly evidencing waiver, court considers "relevant factors in the context of the totality of the circumstances").

As the Texas Supreme Court recently confirmed, "[t]he universal test for implied waiver by litigation conduct is whether the party's conduct—action or inaction—clearly demonstrates the party's intent to relinquish, abandon, or waive the right at issue—whether the right originates in a contract, statute, or the constitution." *LaLonde v. Gosnell*, No. 16-0966, 2019 WL 2479172, at *4 (Tex. June 14, 2019). Specific and deliberate conduct inconsistent with the right to arbitrate demonstrates the unequivocal intent necessary to find implied waiver. *Id.* at * 5; *Nw. Constr. Co. v. Oak Partners, L.P.*, 248 S.W.3d 837, 848 (Tex. App.—Fort Worth 2008, pet. denied) (substantial invocation requires "a specific and deliberate act after suit is filed that is inconsistent with its right to arbitrate, such as engaging in extensive discovery or requesting a jury."). Consistent with the contextual waiver analysis, "[t]he quantum of litigation conduct that will be

deemed 'substantial' depends very much on the context." *Ideal Roofing, Inc. v. Armbruster*, No. 05-13-00446-CV, 2013 WL 6063724, at *7 (Tex. App.—Dallas Nov. 18, 2013, no pet.) (mem. op.).

### *Vectra substantially invoked the judicial process*

Because the majority finds prejudice lacking, it does not address this first element of waiver. As discussed below, I believe prejudice exists and therefore address substantial invocation of the judicial process as well.

Through numerous intentional activities inconsistent with arbitrating, I believe Vectra marched this case to the eve of an adverse resolution in the trial court and thus substantially invoked the judicial process. This is a breach of contract case revolving around a disputed agreement to pay less than $50,000 in commissions. The amount in controversy, as well as the simplicity of the issues, thus required little discovery to accomplish "full discovery."

Adema filed his petition in November 2017, and trial was originally set for September 4, 2018.[1] The trial court ordered that discovery was governed by rule 190.3. In its answer, Vectra asserted multiple affirmative defenses, demanded a jury, and requested initial disclosures. In December 2017, Vectra served 15 interrogatories and 33 requests for production. In January 2018, it received responses, including production of the contract in which the arbitration agreement was included.[2] After receiving Adema's discovery responses, Vectra filed a third-party petition seeking contribution.

---

[1] On August 27, 2018, a little more than two weeks after Vectra filed its motion to compel arbitration, Adema and the third-party defendant moved to continue the September trial setting based on a conflicting trial setting for Adema's counsel. On September 13, 2018, the trial court reset the case to November 12, 2018.

[2] Vectra claimed it was unaware of its arbitral rights until March 2018, when Vectra deposed Adema. Adema asserted that at the latest, Vectra had actual knowledge of the arbitration provision in January 2018, when Adema produced the contract together with less than 150 other documents. As a corporate entity, however, whose officer signed the contract that included the arbitration agreement, Vectra possessed the knowledge of its agent. *Lundy v. Masson,* 260 S.W.3d 482, 501 (Tex. App.—Houston [14th Dist.] 2008, pet. denied). Even if we were to disregard Vectra's implied knowledge of the agreement from the date of its execution, we are obligated to give deference to the trial court's

Vectra deposed Adema on March 12, 2018, and then amended its answer, again requesting a jury but making no mention of the arbitration agreement. In early May, Vectra filed a no-evidence motion for summary judgment, on the merits,[3] and set a hearing on the motion for June 6, 2018. For the third time but in a discrete document, Vectra again demanded a jury. After it filed a motion to quash a deposition, Vectra entered into a rule 11 agreement postponing the hearing on its motion for summary judgment to allow Adema time to take depositions.

Adema deposed Vectra's president on August 8, 2018, who admitted during the deposition that the disputed commissions were owed, but refused to answer numerous questions based on a relevance objection. Just three weeks before trial, after discovery was closed and immediately after its president's key admission, on August 10, 2018, Vectra filed its motion to compel arbitration. It did not bring the motion to the court's attention, however, by setting a hearing, until September 13, 2018, after Adema filed his own motion for summary judgment. Adema's motion for summary judgment addressed the heart of the dispute—whether Adema was owed the commissions—and relied on Vectra's admission. And finally, even after it filed the motion to compel arbitration but before it set a hearing, Vectra continued to "participate in the litigation process" by seeking affirmative relief in a motion for protective order regarding subpoenas and depositions on written questions sought by the third-party defendant.

In short, Vectra did everything possible to win in court, including obtaining and resisting discovery, demanding a jury—three times, and filing and setting a summary judgment motion, before it sought to compel arbitration. Further, it waited to demand arbitration until after making a key admission that it owed the disputed commissions, and even then, did not set its motion to

---

implied finding that production of the contract that included the arbitration provision in January 2018 provided Vectra with actual knowledge of the provision about which it took no action until Vectra's president made a key admission.

[3] I also note that in requesting the clerk's record, Vectra omitted its own motion for summary judgment which was provided to us through a supplemented record obtained by Adema.

compel arbitration until after Adema filed his own motion for summary judgement premised on the admission. By the time Vectra set its motion to compel arbitration, just three weeks before the trial setting, discovery was closed.[4] Vectra also obtained discovery from Adema while limiting its own deposition testimony and resisting discovery sought by Adema and the third-party. *See Adams,* 344 S.W.3d at 651 (finding prejudice in defendant's efforts to force plaintiff to marshal its evidence through discovery, while defendant resisted discovery). Even after filing its motion to compel arbitration, Vectra continued to press for the benefits of the litigation by requesting a protective order. *See Read,* 2019 WL 2536573, at *5 (considering continued participation in litigation process by seeking sanctions against opposing party after filing motion to compel arbitration as supporting waiver).

These activities—seeking all of the discovery necessary for a case of this size; taking discovery until the discovery window closed; seeking summary judgment on the merits and setting a hearing on that motion; demanding a jury, three separate times; delaying *at least* eight months to seek arbitration and then asking for arbitration only following a damning admission on the merits; not filing the motion to compel until three weeks before the trial setting, and most tellingly, waiting to set the motion to compel arbitration until after Adema filed his own dispositive motion for summary judgment—"reflect preparation of the case for disposition on the merits." *LaLonde,* 2019 WL 2479172, at *10 (finding waiver even in absence of a motion for summary judgment, based on significant delay, coupled with extensive discovery, litigation activity through the eve of trial and a request for attorney's fees); *Perry Homes,* 258 S.W.3d at 590 ("[A]llowing a party to

---

[4] The scheduling order designated the case as "Level 2." Accordingly, rule 190.3 closed discovery the earlier of thirty days before trial or nine months after certain discovery events. Thirty days before the September 4, 2018 trial setting was August 3, 2018, which was earlier than the other dates provided by the rule. *See* TEX. R. CIV. P. 194.3. Even if discovery "re-opened" to accommodate the November setting, discovery was closed on August 10, 2018 when Vectra filed its motion to compel arbitration. Moreover, although discovery may have reopened for a brief period before Vectra set the motion to compel but after the trial was reset, *see* TEX. R. CIV. P. 190.3(b)(A)(iii), the analysis does not change since Vectra had taken full discovery by the time it filed the motion to compel arbitration.

conduct full discovery, file motions going to the merits, and seek arbitration only on the eve of trial" demonstrates waiver); *Adams,* 344 S.W.3d at 648 (waiver occurs when a party conducts full discovery, files motions going to the merits, and seeks arbitration on the eve of trial) (citing *Perry Homes*). As in *LaLonde* and *Perry Homes,* by the time Vectra filed its motion to compel arbitration, "there was very little left of the judicial process to invoke except for an actual disposition on the merits." *LaLonde*, 2019 WL 2479172, at *10. Considering the totality of the circumstances, Vectra's conduct demonstrates its intent to litigate the case on the merits and thus its implied waiver of its right to arbitrate.

### Vectra's litigation efforts caused prejudice

The majority leans heavily on the absence of extensive evidence or an indication that the trial court judicially noticed records to conclude prejudice is lacking. I respectfully disagree. I would find prejudice here, following *Perry Homes*' answer to the dissents in that case, which the supreme court majority rejected as "quibbling" with the "proof of prejudice because it was insufficiently detailed." *Perry Homes,* 258 S.W.3d at 599.

The existence of prejudice is a question of law, reviewed de novo. *Id.,* 258 S.W.3d at 598. In reviewing the trial court's decision regarding waiver, the entire record available to the trial judge should be considered. *Id.,* 258 S.W.3d at 596, n.89 (de novo review encompasses the record before the trial court); *see also Mickens v. Longhorn DFW Moving, Inc.*, 264 S.W.3d 875, 879 (Tex. App.—Dallas 2008, pet. denied) ("When reviewing error under a de novo standard, we conduct an independent analysis of the record to arrive at our own legal conclusion.").

"Prejudice" in the context of waiver of arbitration "relates to inherent unfairness . . . 'in terms of delay, expense, or damage to a party's legal position that occurs when the party's opponent forces it to litigate an issue and later seeks to arbitrate that same issue.'" *Perry Homes,* 258 S.W.3d at 597 (quoting *Republic Ins. v. PAICO Receivables, LLC,* 383 F.3d 341, 346 (5th Cir.

2004)). Although waiver and prejudice "are distinct concepts," evidence bearing on one factor may also inform the other. "[C]onduct inconsistent with claiming a right can evince intent while also working a prejudice to the opposing party." *LaLonde,* 2019 WL 2479172, at *3. Further, although many cases focus on increased expense, the "*fact of* prejudice" should not be confused with its *extent. Perry Homes,* 258 S.W.3d at 599 (emphasis original) ("Defendants had to show substantial invocation that prejudiced them, not precisely how much it all was."); *see also Hogg v. Lynch, Chappell & Alsup,* 480 S.W.3d 767, 794 (Tex. App.—El Paso, no pet.) (rejecting financial detriment as the sole measure of prejudice, which was also informed by an unfair advantage created by manipulating arbitral rights). In this regard, to establish prejudice the non-movant need not demonstrate whether the discovery obtained by the party seeking arbitration was available or useful in arbitration. *Perry Homes,* 258 S.W.3d at 599; *Adams,* 344 S.W.3d at 652.

This is not an instance in which the party resisting arbitration failed to provide the trial court with any evidence supporting the *fact* of prejudice. *Cf. IBS Asset Liquidations LLC v. Servicios Multiples Del Norte SA de CV*, 419 S.W.3d 573, 575 (Tex. App.—San Antonio 2013, pet. denied) ("Generalized complaints about delay and expense, without evidentiary support, [where respondent failed to attach any evidence to its response, and no evidentiary hearing was held] are insufficient to establish prejudice."). Adema's counsel attached his affidavit to the response to the motion to compel, outlining relevant dates, Vectra's jury demands, the discovery that Vectra had taken, the key admission by Vectra's president, the date of his own motion for summary judgment, and the corresponding date on which Vectra then set a notice of hearing on its motion to compel arbitration.

Further, rather than providing evidence of the amount of fees expended in litigating, Adema instead argued *Perry Homes'* broad, inherent unfairness test, asserting the record before the court, including the imminent trial setting and the extent of discovery, demonstrated prejudice:

I think if you look at the language from -- from Perry Homes, they say prejudice is considered inherent unfairness, meaning a party's attempt to have it both ways by switching between litigation and arbitration to its own advantage. And the court has found inherent unfairness when a party obtains extensive discovery under one set of rules and then sought to the [sic] arbitrate the case under another to delay disposition by switching to arbitration when trial [is] imminent and obtaining orders from the court while they name [sic] their opponent's right to appellate review. That's on record, your Honor, for you -- that that is the conduct that defendant has done. And pursuant to Perry Homes and the Texas Supreme Court, that's inherent unfairness, which is considered prejudice.

The trial court also asked the parties the amount in dispute and how many depositions had been taken, and heard additional argument regarding Vectra having filed and set its own motion for summary judgment and motion to quash third-party depositions. And Vectra failed to dispute that discovery was complete, that it had gained an unfair advantage by obtaining discovery it may not have been entitled to obtain in arbitration, and that it had forcefully and successfully resisted the other parties entitlement to the same.[5] As in *Perry Homes,* these arguments focus on the *fact* of prejudice, which is all that is required. "'[W]here a party fails to demand arbitration . . . and in the meantime engages in pretrial activity inconsistent with an intent to arbitrate, the party later opposing a motion to compel arbitration may more easily show that its position has been compromised, i.e., prejudiced.'" 258 S.W.3d at 600 (quoting *Republic Ins. Co.,* 383 F.3d at 347).

Finally, I cannot ignore the trial judge's knowledge of the quantum of litigation activity, the litigation time-line, the jury demands, the proximity of the trial setting, and the discovery cut-off, because he did not expressly state he was judicially noticing that information. All of that information was in the case file at the time of the hearing, and I must presume the trial court

---

[5] Immediately following arguments regarding the motion to compel, the court considered a motion for protective order urged by the third party. During arguments on the motion for protective order, the third party admitted into evidence deposition excerpts showing Vectra's refusal to answer questions during a deposition and argued that if discovery was not available in arbitration, he would be greatly prejudiced by Vectra having received full discovery. In admitting the deposition excerpts, the judge stated, "I'll allow them [the deposition excerpts] into the record on the arbitration question."

considered it.[6] *Maree v. Zuniga*, No. 14-17-00210-CV, 2019 WL 2000464, at *6 (Tex. App. — Houston [14th Dist.] May 7, 2019, no pet.) ("We presume that a trial court took judicial notice of the items in the clerk's record in the same case, even if no party requested judicial notice and even if the record does not reflect that the trial court took judicial notice."); *Sierad v. Barnett*, 164 S.W.3d 471, 481 (Tex. App.—Dallas 2005, no pet.) (court is presumed to have judicially noticed its own file, and further, has no obligation to announce it is doing so)*; see also IBS Asset Liquidations*, 419 S.W.3d at 579 (Alvarez, J., dissenting) (given presumption that trial court judicially notices its record without request to do so, finding sufficient evidence of the fact of prejudice caused by inherent unfairness through continued litigation). Failing to credit the trial court's ability to consider this information and the documents in the case file, whether through expressed or presumed judicial notice, also fails to afford deference to denial of the motion to compel and would render our de novo review incomplete. The time-line, the imminent trial setting, and the completion of discovery—all of which we are obligated to consider in our de novo review—were equally available to the trial court even without formal judicial notice and without being specifically addressed in Adema's response and arguments to the trial court, and provide ample evidence of prejudice.

"A party should not be allowed purposefully and unjustifiably to manipulate the exercise of its arbitral rights simply to gain an unfair tactical advantage over the opposing party." *Holmes, Woods & Diggs v. Gentry*, 333 S.W.3d 650, 656 (Tex. App.—Dallas 2009, no pet.). Here, Vectra took full and complete discovery while resisting providing the same and did not seek to enforce

---

[6] Nor do I find a conflict between the recitation in the order denying the motion to compel arbitration regarding the trial court's consideration of the "Motion, the Responses, and the pleadings on file" on the one hand, and the scope of our de novo review or the inference we indulge that the trial court also considered its docket and the time-line evident from the docket on the other, particularly in light of the absence of any findings of fact. *See Cooper Indus., LLC v. Pepsi-Cola Metro. Bottling Co.*, 475 S.W.3d 436, 441–42 (Tex. App.—Houston [14th Dist.] 2015, no pet.) ("Because the trial court did not sign written findings or conclusions, we may uphold the court's order on any theory supported by the evidence, and we imply all factual findings supported by the record that are necessary to the order.").

its arbitral rights until the discovery window closed and trial was three weeks away. Obtaining an unfair advantage in this manner demonstrates prejudice. *LaLonde,* 2019 WL 2479172, at * 10–11; *Adams,* 344 S.W.3d at 651–62. Likewise, Adema's summary judgment motion premised on Vectra's key admission was filed before Vectra sought a hearing on its motion to compel arbitration. Indeed, Vectra did not file its motion to compel arbitration until two days after Vectra's president admitted the commissions were due. Seeking arbitration on the eve of an adverse ruling, particularly an adverse ruling that would end the case in the other party's favor, demonstrates prejudice. *See Read,* 2019 WL 2536573, at *5 (seeking arbitration only after a party receives an adverse ruling establishes prejudice because non-movant is deprived of the benefit of the ruling, is forced to incur additional legal fees, and experiences further delays); *Haddock v. Quinn*, 287 S.W.3d 158, 179 (Tex. App.—Fort Worth 2009, pet. denied).

Because I would find that Vectra substantially invoked the judicial process and caused Adema prejudice, I would affirm the trial court's order.

/Robert D. Burns, III/
ROBERT D. BURNS, III
CHIEF JUSTICE

181371DF.P05

–10–