# IN THE SUPREME COURT OF TEXAS

════════════

No. 12-0142

════════════

RICHMONT HOLDINGS, INC., NUKOTE HOLDINGS, INC., NUKOTE
INTERNATIONAL, INC., INKBRARY, L.L.C., SUPERIOR ACQUISITIONS, L.L.C., CO.,
JOHN P. ROCHON, SR., JOHN P. ROCHON, JR., KELLY KITTRELL, RUSSELL MACK,
C & R SERVICES, INC. AND KENNETH R. SCHLAG, PETITIONERS,

v.

SUPERIOR RECHARGE SYSTEMS, L.L.C., A TEXAS LIMITED LIABILITY
COMPANY, AND JON BLAKE, RESPONDENTS

═══════════════════════════════════════════════════════
ON PETITION FOR REVIEW FROM THE
COURT OF APPEALS FOR THE SECOND DISTRICT OF TEXAS
═══════════════════════════════════════════════════════

**PER CURIAM**


This is an interlocutory appeal from an order denying a motion to compel arbitration under

the Texas General Arbitration Act. *See* TEX. CIV. PRAC. & REM. CODE § 171.098(a)(1). The trial

court denied the motion, concluding that the movant had waived its right to arbitration. The court

of appeals affirmed the order denying arbitration, but for a different reason. The appellate court

concluded that the movant failed to establish the existence of an arbitration agreement covering the

dispute and therefore did not reach the waiver issue. ___ S.W.3d ___, ___ (Tex. App.—Fort Worth

2012) (mem. op.). Because we conclude that the movant established the existence of an applicable

arbitration agreement, we reverse and remand to the court of appeals.

Richmont Holdings, Inc. owns a number of businesses that manufacture and distribute ink jet and laser print cartridges. In 2007, Richmont, through one of its affiliates, Superior Acquisition, L.L.C., agreed to purchase the assets of Superior Recharge Systems, L.L.C. The terms of the sale were set out in an asset purchase agreement, which included a provision for binding arbitration of any dispute relating to the agreement.[1]

In connection with the asset sale, Superior Acquisition agreed to hire Jon Blake, who was an owner and manager of Superior Recharge. The employment agreement provided that Blake was to serve as Superior Acquisition's general manager for two years. The employment agreement also contained a non-compete clause, but, unlike the asset purchase agreement, it did not include an arbitration provision. The employment agreement and the asset purchase agreement were both signed on August 14, 2007. Six months later, Blake's employment was terminated.

Blake sued Richmont, Superior Acquisition, and others[2] (hereafter Richmont) for damages and other relief, including the cancellation of his covenant not to compete. Among other things, he alleged that Richmont fraudulently induced him to enter into the asset purchase and employment agreements. Richmont answered, but delayed eighteen months before moving to compel arbitration.

---

[1] The purchase agreement stated that: "Any controversy or claim arising out of or relating to this Agreement, or the breach thereof, shall be settled by binding arbitration."

[2] Blake also sued Nukote Holding, Inc., Nukote International, Inc., Inkbrary, L.L.C., John P. Rochon, Sr., John P. Rochon, Jr., Kelly Kittrell, Russell Mack, C & R Services, Inc., and Kenneth R. Schlag. Richmont owns Nukote Holding and Nukote International, both of which are in the business of manufacturing and distributing imaging supplies for printers. According to the pleadings, Rochon, Sr. made the management decisions for Richmont and, at that time, Rochon, Jr., Kittrel, and Mack were officers of Richmont. These officers formed Inkbrary for the purpose of acquiring other print imaging companies, and Inkbrary in turn formed Superior Acquisitions for the purpose of acquiring Superior Recharge's assets. Schlag is a former member of Superior Recharge and the president of C&R Services. Each of these parties is named as a petitioner in this Court.

In support of its motion to compel, Richmont submitted a copy of the asset purchase agreement and a supporting affidavit. Blake responded to the motion by arguing that Richmont waived its right to arbitrate. The trial court denied the motion to arbitrate, agreeing with Blake that Richmont waived its arbitration rights by substantially invoking the judicial process. Richmont appealed.

The court of appeals affirmed, but on different grounds. ___ S.W.3d at ___. The court of appeals concluded that the trial court correctly denied the motion to arbitrate because Richmont failed to establish the existence of an applicable arbitration agreement. *Id.* The court reasoned that the dispute did not involve the asset purchase agreement or its mandatory arbitration clause, but instead arose exclusively out of the employment agreement. *Id.* The court therefore did not reach the waiver issue argued by the parties.

In this Court, Richmont complains that the court of appeals erred by holding that the parties do not have a valid agreement to arbitrate. Blake concedes the point, agreeing that the underlying dispute involves both the asset purchase and employment agreements. Blake argues that the court of appeals' judgment is nevertheless correct because Richmont waived its arbitration rights by its conduct in the trial court and its delay in asserting its rights.

We have held that a "'court has no discretion but to compel arbitration and stay its own proceedings'" when a claim falls within the scope of a valid arbitration agreement and there are no defenses to its enforcement. *Forrest Oil Corp. v. McAllen*, 268 S.W.3d 51, 56 (Tex. 2008) (quoting *In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 753–54 (Tex. 2001)); *see also In re J.D. Edwards*

3

*World Solutions Co.*, 87 S.W.3d 546, 549 (Tex. 2002) (per curiam); *Cantella & Co., Inc. v. Goodwin*, 924 S.W.2d 943, 944 (Tex. 1996).

Richmont submitted the asset purchase agreement with its motion to compel. The asset purchase agreement contained the parties' agreement to arbitrate all disputes relating to the agreement. Blake did not contest the validity of the arbitration agreement, nor did he complain that the parties' dispute was outside the scope of that agreement. The only defense he raised to the agreement was waiver.

The court of appeals' conclusion that the arbitration provision in the asset purchase agreement has no application to Blake's lawsuit is contrary to the parties' contentions and has no support in the record. Moreover, the court's failure to recognize the arbitration agreement here is contrary to our precedent, which mandates enforcement of such an agreement absent proof of a defense. Because the court of appeals' decision conflicts with our precedent,[3] we grant the petition for review and, without hearing oral argument, reverse the court of appeals' judgment and remand the case to that court to consider the waiver defense raised below. *See* TEX. R. APP. P. 59.1.

**OPINION DELIVERED:** January 25, 2013

---

[3] We have jurisdiction to hear an appeal from an interlocutory order denying arbitration when the court of appeals' decision conflicts with prior precedent. *See Forrest Oil Corp. v. McAllen*, 268 S.W.3d 51, 55 n.8 (Tex. 2008) (citing TEX. GOV'T CODE §§ 22.001(a)(2), 22.225(c); TEX. CIV. PRAC. & REM. CODE § 171.098; *Certain Underwriters at Lloyd's of London v. Celebrity, Inc.*, 988 S.W.2d 731, 733 (Tex. 1998)).