**Opinion issued May 9, 2017**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-16-00780-CV

———————————

## IN RE CRS INDUSTRIES, INC.

---

**Original Proceeding on Petition for Writ of Mandamus**

---

*and*

———————————

## NO. 01-16-00783-CV

———————————

## CRS INDUSTRIES, INC., Appellant

## V.

## MACDONALD SYSTEMS, INC., Appellee

---

**On Appeal from the 152nd District Court**
**Harris County, Texas**
**Trial Court Case No. 2016-41521**

## MEMORANDUM OPINION

CRS Industries, Inc. filed this interlocutory appeal and a petition for writ of mandamus, both of which assert that the trial court abused its discretion by denying CRS's motion to compel arbitration. We agree and reverse the order denying the motion, remand to the trial court so that it can enter an order compelling arbitration and staying this suit, and dismiss CRS's petition for writ of mandamus as moot.

### Background

CRS manufactures air purification systems. It contractually agreed to allow MacDonald Systems, Inc. to market and sell its commercial products within a designated territory. The two subsequently became embroiled in a dispute about the sale of a residential product, and MacDonald filed this suit.

MacDonald alleged that it designed a new air filtration system that incorporated one of CRS's products and had identified a customer for this new product, DuPure Water Filters. MacDonald further alleged that the parties agreed to compensate it for the new design by allowing it to purchase the new product from CRS and sell it to DuPure at a profit of $300 per unit. Instead, CRS fired MacDonald as its product representative, and CRS and DuPure refused to pay MacDonald for the new design. MacDonald alleged that CRS is selling or has sold the new design to a company that bought DuPure. It alleged three causes of action—promissory

2

estoppel, quantum meruit, and breach of contract—by which it sought recovery of the $300-per-unit profit it allegedly was promised.

CRS moved to compel arbitration of MacDonald's claims and to stay the suit pending that arbitration based on a clause in their contract requiring arbitration of all claims, disputes, and other matters arising out of or relating to the contract. MacDonald responded that the arbitration clause was inapplicable because the parties' dispute concerned a residential product rather than the commercial ones that were the subject of their contract. It did not, however, otherwise dispute the validity of the contract or its arbitration clause.

The trial court denied CRS's motion to compel arbitration without making any fact findings or stating its reasons. By way of interlocutory appeal and a petition for writ of mandamus, CRS urges that the trial court abused its discretion.

## Jurisdiction

CRS is a Florida company whose principal office is in that state, and MacDonald is a Texas company whose principal office is in this state. As they are located in different states, their contract's arbitration clause involves interstate commerce and is subject to the Federal Arbitration Act. 9 U.S.C. § 2; *Rapid Settlements v. Green*, 294 S.W.3d 701, 705 (Tex. App.—Houston [1st Dist.] 2009, no pet.). The Act's applicability, in turn, gives this court jurisdiction to hear CRS's

3

appeal from the trial court's order denying its motion to compel arbitration. *See* TEX. CIV. PRAC. & REM. CODE § 51.016; *see also* 9 U.S.C. § 16(a)(1)(B).

## Motion to Compel Arbitration

CRS posits that MacDonald's claims in this suit relate to their contract and therefore are subject to the contract's arbitration clause. On this basis, CRS contends that the trial court erred by denying its motion to compel arbitration.

On interlocutory appeal, we review a trial court's denial of a motion to compel arbitration for an abuse of discretion. *Houston Progressive Radiology Assocs. v. Lee*, 474 S.W.3d 435, 442 (Tex. App.—Houston [1st Dist.] 2015, no pet.). We defer to the trial court's factual determinations, if any, so long as they are supported by the evidence, but we review questions of law de novo. *Id.*

A party who moves to compel arbitration must show the existence of a valid, enforceable arbitration agreement and that the agreement's scope encompasses the lawsuit's claims. *In re Rubiola*, 334 S.W.3d 220, 223 (Tex. 2011); *Houston Progressive*, 474 S.W.3d at 442. Whether a valid agreement exists is a legal question, which turns on the application of ordinary contract principles. *Valerus Compression Servs. v. Austin*, 417 S.W.3d 202, 208 (Tex. App.—Houston [1st Dist.] 2013, no pet.). In determining whether claims are within the agreement's scope, courts focus on the factual allegations of the petition rather than the causes of action alleged. *In re Rubiola*, 334 S.W.3d at 225; *FD Frontier Drilling (Cyprus) v. Didmon*,

4

438 S.W.3d 688, 695 (Tex. App.—Houston [1st Dist.] 2014, pet. denied). Allegations that touch on the subject of the contract containing the arbitration clause or that are factually intertwined with claims subject to that clause generally are within the clause's scope. *In re Dillard Dep't Stores*, 186 S.W.3d 514, 516 (Tex. 2006) (per curiam); *Valerus*, 417 S.W.3d at 208. Courts must resolve any doubts about the agreement's scope in favor of arbitration. *In re Rubiola*, 334 S.W.3d at 225; *Valerus*, 417 S.W.3d at 208. If the movant shows that a valid arbitration agreement encompasses the lawsuit's claims, and the opposing party has not proven a defense to enforcement of the agreement, the trial court has no discretion but to compel arbitration and stay the suit. *Richmont Holdings v. Superior Recharge Sys.*, 392 S.W.3d 633, 635 (Tex. 2013) (per curiam).

MacDonald did not dispute the validity of the contract or its arbitration clause in the trial court. Nor has it filed an appellate brief or a response to CRS's petition for mandamus relief. Accordingly, the arbitration clause's validity is undisputed.

The dispositive issue, therefore, is whether MacDonald's claims are within the scope of the contract's arbitration clause. We hold that they are.

The contract specified the products that MacDonald was entitled to market and sell, commercial ones. It disallowed MacDonald from marketing or soliciting orders for any other products unless mutually agreed upon in writing. It provided that CRS retained sole and exclusive ownership of all product designs and

5

modifications and that technical information or plans used or prepared by MacDonald remained the sole property of CRS. It included a merger clause, which provided that the contract was the entire agreement and superseded and replaced any other understandings or agreements. It also provided that its terms could only be amended or modified by an agreement in writing signed by representatives of the parties.

In addition, the contract had an arbitration clause. Setting aside an inapplicable exception, this clause specified that all claims, disputes, and matters arising out of or relating to the contract or its breach must be arbitrated. An arbitration clause that covers any dispute arising out of or relating to the parties' contract is expansive in scope and encompasses any controversy between the parties that touches on, has a significant relationship to, is inextricably enmeshed with, or is factually intertwined with the contract regardless of any label applied to the controversy. *See Houston Progressive*, 474 S.W.3d at 447–48; *FD Frontier*, 438 S.W.3d at 695; *Hou-Scape, Inc. v. Lloyd*, 945 S.W.2d 202, 205–06 (Tex. App.— Houston [1st Dist.] 1997, orig. proceeding) (per curiam). Its reach therefore is not limited to claims that literally arise under the contract's terms. *E.g.*, *Hou-Scape*, 945 S.W.2d at 206 (claims for deceptive trade practices, fraudulent inducement, negligence, defamation, and tortious interference with business relations all held to be within scope of broad arbitration clause).

Focusing on MacDonald's factual allegations, its claims are within the expansive scope of the arbitration clause. MacDonald acknowledged that it sold CRS's products under contract. It alleged that it made an additional agreement with CRS to sell a new design that incorporated an existing CRS product. It sued to recover the profit it contended it should have received from the sales of this new design.

When CRS moved to compel arbitration of these claims, MacDonald contended that its claims were outside of the arbitration clause's scope because the contract only concerned commercial products and the parties' dispute concerned a residential product. In part, MacDonald relied on a letter predating the parties' contract in which CRS authorized MacDonald to sell residential products. This purported distinction between commercial and residential products, however, merely confirms that MacDonald's claims are factually intertwined with and relate to the parties' contract. That contract postdated the letter in question by several months, contained a merger clause, and expressly forbade MacDonald from selling or soliciting orders for products other than those specified in the contract, which was limited to commercial products. Whatever rights MacDonald may have with respect to the newly designed residential product are therefore inextricably enmeshed with the contract and subject to its mandatory arbitration clause.

In sum, we hold that the evidence shows the existence of a valid, enforceable arbitration agreement between CRS and MacDonald and that the agreement encompasses MacDonald's claims in this suit. Given that MacDonald has not proven a defense to the enforcement of the agreement, the trial court had no discretion but to compel arbitration of MacDonald's claims and stay this suit. *Richmont Holdings*, 392 S.W.3d at 635. Accordingly, we reverse the trial court's ordering denying CRS's motion to compel arbitration and remand for entry of an order compelling arbitration and staying the suit pending arbitration of MacDonald's claims.

## Petition for Writ of Mandamus

Because MacDonald's claims are subject to arbitration by means of CRS's interlocutory appeal, we need not address CRS's related petition for writ of mandamus. *See Royston, Rayzor, Vickery & Williams, LLP v. Lopez*, 467 S.W.3d 494, 499 (Tex. 2015). Thus, we dismiss CRS's petition as moot. *See Houston Progressive*, 474 S.W.3d at 439, 451.

## Conclusion

We conclude that the trial court abused its discretion by denying CRS's motion to compel arbitration. We therefore reverse the trial court's order denying the motion, remand this cause to the trial court so that it can enter an order compelling arbitration and staying this suit pending arbitration, and dismiss CRS's related petition for writ of mandamus as moot.


Harvey Brown
Justice

Panel consists of Chief Justice Radack and Justices Brown and Lloyd.