**Opinion issued June 16, 2026**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-24-00518-CV

———————————

**RELIANT PRO REHAB, LLC., TOUCHSTONE COMMUNITIES, INC., TOUCHSTONE STRATEGIES - NW HOUSTON, LLC., TOUCHSTONE REALTY - NW HOUSTON, LLC, LIBERTY COUNTY HOSPITAL DISTRICT NO. 1, BRIAN MARTIN, LORETTA ROWE, AND MICHELLE CHEN, Appellants**

**V.**

**PATRICIA BURNS, Appellee**

**On Appeal from the 157th District Court**
**Harris County, Texas**
**Trial Court Case No. 2023-58269**

## MEMORANDUM OPINION

Appellee Patricia Burns is a former employee of Appellant Reliant Pro Rehab, LLC (Reliant). Burns worked for Reliant as a nursing home occupational therapy

assistant. At issue here, Burns sued Reliant and the other Appellants, who are Reliant's employees, customers, and agents.[1] Burns alleged that she was unlawfully terminated after she reported concerns about a patient's treatment. She contended that her termination constituted retaliation in violation of Texas Health and Safety Code Section 161.135. And she further alleged that Appellants conspired to retaliate against her.

Appellants filed a joint motion to compel arbitration of this dispute.[2] They presented an arbitration agreement, they argued that it was valid, and they asserted that the claims fell within the scope of the agreement.

The trial court denied the motion to compel arbitration without providing a basis for its ruling. Appellants then filed this interlocutory appeal. *See* TEX. CIV. PRAC. & REM. CODE § 51.016; 9 U.S.C. § 16(a)(1)(C).[3]

We reverse and remand this case to arbitration. The record establishes that Appellants showed (1) the existence of a valid arbitration agreement and (2) that Burns's claims fall within the agreement's scope. This record does not reflect waiver

---

[1]    The other Appellants are: Touchstone Communities, Inc., Touchstone Strategies – NW Houston, LLC., Touchstone Realty – NW Houston, LLC; Loretta Rowe and Michelle Chen; Brian Martin; and Liberty County Hospital District No. 1.

[2]    The motion did not include Appellant Liberty County Hospital District No. 1, but it later joined and adopted Appellants' motion to compel arbitration.

[3]    We have jurisdiction over this appeal. *See* TEX. CIV. PRAC. & REM. CODE § 51.016; 9 U.S.C. § 16(a)(1)(C). Moreover, the arbitration agreement says that it is governed by the Federal Arbitration Act, and neither party argues otherwise.

by litigation conduct. Nor can Burns's timeliness argument on appeal support affirmance because it was not presented to the trial court.

## DISCUSSION

Appellants argue that, on this record, we must reverse and remand this case to arbitration. We agree.

### A. Standard of Review and Applicable Law

Texas favors arbitration. *In re Whataburger Rests. LLC*, 645 S.W.3d 188, 198 (Tex. 2022). A party seeking to compel arbitration must establish that (1) there is a valid arbitration clause and (2) the claims in dispute fall within that agreement's scope. *Cerna ex rel. R.W. v. Pearland Urban Air, LLC*, 714 S.W.3d 585, 588 (Tex. 2025). Courts apply ordinary contract law principles in determining whether a valid arbitration agreement exists. *Id.* at 589; *see also S.C. Maxwell Family P'ship, Ltd. v. Kent*, 472 S.W.3d 341, 345 (Tex. App.—Houston [1st Dist.] 2015, no pet.).

If the party seeking arbitration satisfies its initial burden to make this showing, the burden then shifts to the party resisting arbitration to present evidence supporting a defense to the enforcement of the arbitration provision. *Henry v. Cash Biz, LP*, 551 S.W.3d 111, 115 (Tex. 2018); *see also Delirium TV, LLC v. Dang*, 714 S.W.3d 640, 645–46 (Tex. App.—Houston [1st Dist.] 2024, pet. denied) ("The party seeking to invalidate an arbitration agreement bears the burden of establishing its invalidity, as

well as other defenses to arbitration such as unconscionability, fraud, duress, or waiver.").

Once a valid arbitration agreement covering the claims is shown, absent a valid defense, "the trial court has no discretion but to compel arbitration and stay its own proceedings." *In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 754 (Tex. 2001); *see also Richmont Holdings, Inc. v. Superior Recharge Sys., L.L.C.*, 392 S.W.3d 633, 635 (Tex. 2013) ("[A] court has no discretion but to compel arbitration and stay its own proceedings when a claim falls within the scope of a valid arbitration agreement and there are no defenses to its enforcement." (cleaned up)).

We review a trial court's order denying a motion to compel arbitration for abuse of discretion. *Henry*, 551 S.W.3d at 115. A trial court abuses its discretion if it acts in an arbitrary or unreasonable manner or without reference to guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985). Under this standard, we defer to the trial court on factual determinations supported by the evidence and review legal determinations de novo. *Henry*, 551 S.W.3d at 115. Gateway matters, such as whether a valid arbitration agreement exists and whether an arbitration agreement can be enforced by a non-signatory, are questions of law reviewed de novo. *Lennar Homes of Tex. Land & Constr., Ltd. v. Whiteley*, 672 S.W.3d 367, 376 (Tex. 2023).

**B.** **Appellants met their burden to establish a valid arbitration agreement and that Burns's claims fell within the scope of that agreement.**

Appellants argued in the trial court, and on appeal, that Burns was subject to mandatory arbitration because she signed a valid and enforceable arbitration agreement and her claims fell with the scope of the agreement. We agree.

**1.** **Appellants established that Burns entered into a valid and enforceable arbitration agreement with Reliant.**

Appellants point to a "Binding Arbitration Agreement." That Agreement provided that employment-related disputes would be resolved by binding arbitration:

> [Reliant] and [Burns] agree to resolve by binding arbitration . . . any and all disputes or claims . . . each may have against the other which relate in any manner whatsoever as to [Burns's] employment, including but not limited to, any and all Disputes arising from the beginning of the period when [Burns] first applied for employment (in any capacity) with [Reliant] through the cessation of [Burns's] employment (in any capacity) with [Reliant], as well as any post-termination Disputes, and all related Disputes involving any [Reliant] managers, supervisors, . . . employees, vendors, clients, customers, agents . . . .

The Arbitration Agreement also stated that Burns would "not be eligible for continued employment by [Reliant] unless [Burns] signs this Agreement."

The Agreement is supported by valid consideration. Both parties mutually agreed to arbitrate employment-related disputes, which is sufficient under Texas law. *See In re Odyssey Healthcare, Inc.*, 310 S.W.3d 419, 424 (Tex. 2010) ("Mutual promises to submit all employment disputes to arbitration is sufficient consideration for such agreements.").

5

Additionally, the record establishes that Burns accepted the Agreement. The record contains Burns's electronic acknowledgment through Reliant's HR system (UKG), including her name, employee identifier, and a timestamp reflecting her acceptance on September 2, 2022. That acknowledgment states that Burns "agree[s] that [she] will be subject to the Arbitration Agreement" and that the electronic acknowledgment constitutes her "signature."

The record also includes declaration evidence describing UKG's security procedures—unique credentials tied to the employee's account, secure tracking of user activity, and time-stamped records—establishing the link between the electronic record and the person to whom it is attributed. These safeguards satisfy Texas law's requirements for attributing the electronic signature to Burns. *See* TEX. BUS. & COM. CODE § 322.009(a) (legal requirements for attributing electronic signature); *Aerotek, Inc. v. Boyd*, 624 S.W.3d 199, 205–06, 208 (Tex. 2021) (plaintiffs signed and consented to arbitration agreement when they completed online hiring application time-stamped with their unique user IDs, passwords, and the date and time of signature; evidence of security procedures satisfied Texas requirements).[4]

---

[4] In the trial court, Burns objected that the arbitration materials were unauthenticated and that the declaration testimony was inadmissible, but she failed to obtain a ruling on those evidentiary objections, so they are of no moment. *See U-Haul Co. of Tex. v. Toro*, No. 01-22-00883-CV, 2023 WL 8262720, at *10 (Tex. App.—Houston [1st Dist.] Nov. 30, 2023, no pet.); *Houston ANUSA, LLC v. Shattenkirk*, 693 S.W.3d

6

Finally, Burns's continued employment also manifests acceptance. Under Texas law, an "at-will employee who receives notice of an employer's arbitration policy and continues working with knowledge of the policy accepts the terms as a matter of law." *In re Dallas Peterbilt, Ltd., L.L.P.*, 196 S.W.3d 161, 162 (Tex. 2006).

In sum, the record establishes that Burns entered into a valid and enforceable Arbitration Agreement with Reliant.

### 2. The other Appellants also established their right to enforce Burns's Arbitration Agreement.

Apellants argue—both below and on appeal—that although only Reliant signed the Arbitration Agreement, the remaining Appellants may enforce it and also compel arbitration here as third-party beneficiaries. We agree.

Under Texas law, a non-signatory may enforce an arbitration agreement as a third-party beneficiary if it establishes that the parties to the contract: (1) intended to secure a benefit to the third-party and (2) entered into the contract directly for the third-party's benefit. *See Jody James Farms, JV v. Altman Grp., Inc.*, 547 S.W.3d 624, 635 (Tex. 2018). Demonstrating a clear intent to benefit a third-party does not require the phrase "third-party beneficiary" or any other "magic words." *ConocoPhillips Co. v. Graham*, No. 01-11-00503-CV, 2012 WL 1059084, at *6

---

513, 519 n.1 (Tex. App.—Houston [14th Dist.] 2023, no pet.) (employee's evidentiary objections to human resources manager's declaration stating that employee had electronically executed the arbitration agreement were waived for appeal).

7

(Tex. App.—Houston [1st Dist.] Mar. 29, 2012, no pet.). A third-party beneficiary may be identified in the agreement by a "class or category" of persons, all of whom may not be known to the contracting parties at the time of execution. *Id.*

Here, under its plain terms, the Arbitration Agreement extends to "all disputes or claims" raised by Burns "involving any [Reliant] managers, supervisors, . . . employees, vendors, clients, customers, [and] agents." This language in the agreement directly contemplates arbitration of employment disputes involving those identified categories of third parties.

This Court and others have held that similar clauses—expressly extending arbitration to defined categories such as employees, agents, and customers—suffice to confer enforceable third-party-beneficiary rights. *See, e.g.*, *ConocoPhillips*, 2012 WL 1059084, at *6 (arbitration provision that covered "all disputes between or among [employees] and [employer's] clients" created third-party beneficiary rights for employer's client); *Lucchese Boot Co. v. Rodriguez*, 473 S.W.3d 373, 384 (Tex. App.—El Paso 2015, no pet.) (employees were third-party beneficiaries where the agreement expressly covered claims "against the Company or its . . . employees"); *see also German v. Halliburton Co.*, No. 4:18-CV-00100, 2019 WL 13251161, at *3 (S.D. Tex. Mar. 20, 2019) (staffing company's client was third-party beneficiary where the agreement required arbitration of claims against the staffing company "or against its clients").

Each non-signatory Appellant at issue in this appeal falls squarely within the Arbitration Agreement's enumerated categories. For purposes of this appeal, it is undisputed that:

- Appellants Rowe and Chen are Reliant's "employees," placing them directly within the Agreement's coverage of "employees."

- Appellants Liberty Hospital and the Touchstone entities acted as Reliant's "agents," bringing them within the Agreement's expressly covered category of "agents."

- The record also confirms that the Touchstone entities are Reliant's "customers." The record contains a Therapy Services Agreement that identifies Touchstone as Reliant's "customer" and requires both parties to indemnify each other for claims arising from employee conduct— circumstances that further support third-party-beneficiary status. *See In re Citgo Petroleum Corp.*, 248 S.W.3d 769, 777 (Tex. App.— Beaumont 2008, orig. proceeding) (indemnity obligations supported third party beneficiary status); *see also ConocoPhillips*, 2012 WL 1059084, at *7 (similar).

- Appellant Martin, as an employee of the Touchstone entities, also falls within the Agreement's covered categories, either as an "agent" or as personnel acting on behalf of a covered "customer."

Accordingly, the non-signatory Appellants qualify as third-party beneficiaries entitled to enforce the Arbitration Agreement. *See ConocoPhillips*, 2012 WL 1059084, at *6; *Lucchese Boot*, 473 S.W.3d at 384; *Citgo Petroleum Corp.*, 248 S.W.3d at 776–77.

**3. Appellants additionally established that Burns's claims fell within the scope of the Arbitration Agreement.**

The record also reflects that Appellants met their initial burden as to scope. Burns has never disputed that her claims fall within the scope of the Arbitration Agreement. Nor could she. Burns pleaded claims for retaliation under the Texas Health and Safety Code and conspiracy to commit retaliation, both arising from the termination of her employment. But by its terms, the Arbitration Agreement applies to "any and all disputes or claims . . . which relate in any manner whatsoever as to [Burns's] employment, including . . . any post-termination Disputes." The Agreement squarely encompasses Burns's claims.

\* \* \*

Thus, Appellants met their burden to establish a valid arbitration agreement and that Burns's claims fall within its scope. *See Henry*, 551 S.W.3d at 115. The burden therefore shifted to Burns to prove a defense to enforcement, and she asserted waiver by litigation conduct. *See id.* As discussed below, Burns did not carry her burden to prove waiver.

**C. This record does not establish Appellants waived their right to arbitration by their litigation conduct.**

This record does not establish that Appellants waived their right to arbitration. Implied waiver is a defense to arbitration. *G.T. Leach Builders, LLC v. Sapphire V.P., LP*, 458 S.W.3d 502, 511–12 (Tex. 2015). A party asserting implied waiver as

10

a defense to arbitration must prove that the other party has "substantially invoked the judicial process," acting inconsistently with a claimed right to compel arbitration. *Id.* (quoting *Perry Homes v. Cull*, 258 S.W.3d 580, 593–94 (Tex. 2008)).[5]

"Because public policy favors arbitration, there is a strong presumption against finding that a party has waived its right to arbitration, and the burden to prove waiver is thus a heavy one." *Buzbee v. Terry & Thweatt, P.C.*, No. 01-23-00123-CV, 2023 WL 7311212, at *3 (Tex. App.—Houston [1st Dist.] Nov. 7, 2023, pet. denied).

Whether a party has substantially invoked the judicial process depends on the totality of the circumstances. *G.T. Leach Builders*, 458 S.W.3d at 512. For this inquiry, courts consider various factors, including: "(1) whether the movant for arbitration was the plaintiff (who chose to file in court) or the defendant (who merely

---

[5] In addition to requiring the party asserting waiver to prove a substantial invocation of the litigation process, Texas law has traditionally required the party asserting waiver to show resulting prejudice. *See, e.g.*, *G.T. Leach Builders*, 458 S.W.3d at 511–12. The United States Supreme Court recently rejected a requirement of proof of prejudice, explaining that prejudice is not a feature of ordinary federal waiver law, and the Federal Arbitration Act does not authorize federal courts to create an "arbitration-specific" procedural rule requiring proof of prejudice. *See Morgan v. Sundance, Inc.*, 596 U.S. 411, 416–19 (2022). Whether *Morgan* abrogates Texas law as to prejudice remains an open question. *See Humphries Constr. Corp. v. Highland Vill. Ltd. P'ship*, __, S.W.3d __, __, No. 01-23-00651-CV, 2026 WL 1073067, at *12 (Tex. App.—Houston [1st Dist.] Apr. 21, 2026, no pet. h.). But we need not reach that issue here. Because we hold that Burns did not establish that Appellants substantially invoked the judicial process, we need not address whether Burns suffered prejudice or whether evidence of prejudice is required under Texas law post-*Morgan*. *See id.*; *Henry*, 551 S.W.3d at 118 (holding that appellant failed to establish that other party substantially invoked judicial process and thus declining to reach prejudice).

responded), (2) when the movant learned of the arbitration clause and how long the movant delayed before seeking arbitration, (3) the amount of the movant's pretrial activity related to the merits rather than arbitrability or jurisdiction, (4) the amount of discovery conducted, and (5) whether the movant sought judgment on the merits." *Buzbee*, 2023 WL 7311212, at *4 (citing *Perry Homes*, 258 S.W.3d at 591–92).

No particular factor is dispositive. *RSL Funding, LLC v. Pippins*, 499 S.W.3d 423, 430 (Tex. 2016). Nor must all or most of these factors be present to support waiver. *Perry Homes*, 258 S.W.3d at 591.

Here, the circumstances weigh against waiver. First, we note Appellants are the defendants. *See, e.g.*, *G.T. Leach Builders*, 458 S.W.3d at 512 ("[W]e note first that [defendant] did not elect to resolve its disputes with [plaintiff] in court; rather, [defendant] is in this lawsuit because [plaintiff] sued it."); *see also Foley & Lardner LLP v. Dernick*, __ S.W.3d __, __, No. 01-25-00109-CV, 2026 WL 1171546, at *6 (Tex. App.—Houston [1st Dist.] Apr. 30, 2026, no pet. h.) (that appellant was defendant responding to lawsuit weighed against waiver).

The record also reflects minimal pretrial activity from Appellants before the motion to compel. Appellants merely answered Burns's original Petition, served initial disclosures, and participated in an unsuccessful mediation. Texas courts have routinely held that litigation conduct similar to or more extensive than Appellants' does not meet the high standard for proving waiver. For example, in *G.T. Leach*

12

*Builders*, the Texas Supreme Court explained that a "movant did not waive arbitration rights by initiating lawsuit, invoking forum-selection clause, moving to transfer venue, propounding request for disclosure, and waiting nineteen months after being sued to move for arbitration." 458 S.W.3d at 515 (citing *Richmont Holdings, Inc. v. Superior Recharge Sys., L.L.C.*, 455 S.W.3d 573, 576 (Tex. 2014)); *see also, e.g.*, *Cooper Indus., LLC v. Pepsi-Cola Metro. Bottling Co., Inc.*, 475 S.W.3d 436, 451 (Tex. App.—Houston [14th Dist.] 2015, no pet.) ("Settlement negotiations and mediation do not substantially invoke the judicial process, nor are they inconsistent with a desire to arbitrate.").

As to discovery, the record does not reflect any discovery from Appellants (no discovery responses, depositions, or merits discovery), and Appellants moved to compel arbitration before responding to Burns's written discovery requests. This weighs against waiver. *See, e.g.*, *Foley & Lardner*, 2026 WL 1171546, at *6 (no discovery weighed against a finding of waiver); *Northpointe LTC, Ltd. v. Durant*, No. 01-22-00215-CV, 2022 WL 17835223, at *9 (Tex. App.—Houston [1st Dist.] Dec. 22, 2022, no pet.) (same).

Further, Appellants have not sought a merits adjudication—and this is significant because attempts to obtain a merits disposition are a "key factor" in the waiver analysis. *See G.T. Leach Builders*, 458 S.W.3d at 513 (listing cases explaining that seeking disposition on the merits is "key factor" in deciding waiver);

13

*Buzbee*, 2023 WL 7311212, at \*4 ("[W]hether the movant previously attempted to dispose of the litigation on the merits 'ordinarily is a key factor in assessing a waiver defense.'" (quoting *Pounds v. Rohe*, 592 S.W.3d 549, 554 (Tex. App.—Houston [1st Dist.] 2019, no pet.))); *see also Northpointe*, 2022 WL 17835223, at \*10 (appellant not filing dispositive motions or affirmative claims was factor in not finding waiver).

In the trial court, Burns focused on Appellants' eight-month delay between the filing of the lawsuit (August 2023) and their motion to compel arbitration (April 2024). But Texas law is clear that delay of this sort, alone, "is not ordinarily enough." *G.T. Leach Builders*, 458 S.W.3d at 515; *accord In re Vesta Ins. Grp., Inc.*, 192 S.W.3d 759, 763 (Tex. 2006) ("Delay alone generally does not establish waiver."); *see also Northpointe*, 2022 WL 17835223, at \*10 (listing cases and explaining why appellant's three and one-half year delay in moving to compel arbitration was insufficient to establish waiver absent other indicia of substantial invocation). That principle applies here, where Appellants engaged in minimal pretrial activity, conducted no discovery, and never sought a merits determination.

On this record, considering the totality of the circumstances, Burns failed to prove that Appellants substantially invoked the judicial process or otherwise waived their right to arbitration.

14

**D.    Finally, on this record, Burns's timeliness argument offers no basis to affirm.**

On appeal—and in response to Appellants pointing the Court to their satisfaction of their burden—Burns's appellate briefing urges us to affirm the denial of the motion to compel on the basis that (Burns argues) Appellants filed the authenticated arbitration agreement (as opposed to an earlier unauthenticated version of it) too late. Burns argues that the timing of this filing violated Harris County local filing rules. Burns argues that the trial court could have denied arbitration on that basis.

But the record does not show Burns presented this argument to the trial court as a basis to deny arbitration. Nor does the trial court's order indicate that it considered this argument. The trial court's order states that in denying the motion to compel arbitration, it considered: Appellants' "Motion To Refer to Arbitration and Motion For Protective Order and Stay of Discovery," and "the filings of the parties relative to such motions including [Burns's] Reply, [Appellants'] Response and [Burns's] Surreply and Objections."

Under Texas law, we may not affirm the trial court's denial of arbitration on this theory that was not presented to the trial court. *See Richmont*, 392 S.W.3d at 635 (court of appeals erred when it upheld the trial court's denial of a motion to compel on an argument that was not presented to the trial court); *SK Plymouth, LLC v. Simmons*, 605 S.W.3d 706, 720 n.6 (Tex. App.—Houston [1st Dist.] 2020, no pet.)

(because appellee's argument concerning misspelled name on arbitration agreement "was not raised in trial court, we do not address this ground for affirming the trial court's order denying the motion to compel arbitration"); *see also Northpointe*, 2022 WL 17835223, at \*4 ("[W]e can affirm a trial court's order denying a motion to compel arbitration only if one of the grounds presented by the resisting party is valid." (cleaned up)); *Ridge Nat. Res., L.L.C. v. Double Eagle Royalty, L.P.*, 564 S.W.3d 105, 118 (Tex. App.—El Paso 2018, no pet.) (same).

\*　　　　\*　　　　\*

Once Appellants established the existence of a valid arbitration agreement and that Burns's claims fall within its scope, the burden shifted to Burns to prove a defense to arbitration. *See Henry*, 551 S.W.3d at 115. But Burns did not establish that Appellants waived their right to arbitration by substantially invoking the judicial process. And Burns's timeliness argument on appeal cannot support affirmance because it was not presented to the trial court.

## CONCLUSION

We reverse the trial court's order and remand this case to the trial court with instructions to enter an order compelling arbitration of Burns's claims and to stay the trial-court proceedings pending completion of arbitration.


Jennifer Caughey
Justice

Panel consists of Justices Guerra, Gunn, and Caughey.